# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI T. BOLOTAOLO,<br><br>Plaintiff,<br><br>v.<br><br>THE DIVISION OF CHILD SUPPORT, OLYMPIA, WA,<br><br>Defendant. | No. 2:18-cv-0940-JAM-KJN PS<br><br>ORDER |

Plaintiff Giovanni Bolotaolo, who proceeds in this action without counsel,[1] has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) After carefully reviewing plaintiff's complaint, the court concludes that the action should be transferred to the United States District Court for the Western District of Washington.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

---

[1] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, plaintiff seeks to vacate a child support order sought and/or enforced by the Division of Child Support in Olympia, Washington based on various alleged federal constitutional violations. (See generally ECF No. 1.) For purposes of 28 U.S.C. § 1391(b)(1), defendant does not reside in this district, because Olympia, Washington is located in the Western District of Washington. Additionally, for purposes of 28 U.S.C. § 1391(b)(2), the child support order was obtained in the Western District of Washington and presumably pertains to a child who resides in the Western District of Washington. Even though plaintiff presently resides in Sacramento, California, in the Eastern District of California, a plaintiff's residence is not relevant in determining proper venue. Furthermore, 28 U.S.C. § 1391(b)(3) does not apply in this case, because there is another district in which this action may be brought—the Western District of Washington.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, filing in this district appears to have been an inadvertent error by a *pro se* plaintiff unfamiliar with the procedural rules of venue. As such, the court finds that transfer in lieu of dismissal is appropriate.

Therefore, the court transfers this action to the Western District of Washington. In light of the transfer, the court declines to rule on plaintiff's pending motion to proceed *in forma pauperis*, which will be resolved by the Western District of Washington. In transferring this action, this court also expresses no opinion regarding the merits of plaintiff's claims, including whether subject matter jurisdiction exists over plaintiff's claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The action, including plaintiff's pending motion to proceed *in forma pauperis*, is TRANSFERRED to the United States District Court for the Western District of Washington.

2. The Clerk of Court shall close this case.[2]

IT IS SO ORDERED.

Dated: May 1, 2018

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is instructed to direct any filings or inquiries related to this case to the United States District Court for the Western District of Washington. Further information regarding that court's Local Rules and procedures can be obtained on the court's website at http://www.wawd.uscourts.gov. *Plaintiff is cautioned that further filings in the Eastern District of California related to this case will be disregarded.*